UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODIE JAMES LOWERY,

        Plaintiff,

v.                                                                                        CASE NO. 05-CV-73441-DT
                                                                              HONORABLE AVERN COHN

MARLENE M. RITTER and
DEBBIE RUTKOWSKI,

        Defendants.
_____/

## ORDER OF DISMISSAL

### I.  Introduction

    This is a civil rights action under 42 U.S.C. § 1983 for money damages.  Plaintiff is a state prisoner who is proceeding pro se and in forma pauperis.  Defendants are Marlene M. Ritter, who was the official court reporter at plaintiff's criminal trial in 2001, and Debbie Rutkowski, who was the certified electronic recorder and transcriptionist for that proceeding.  Broadly stated, plaintiff claims that defendants violated his constitutional rights by altering the transcripts of his trial.  For the reasons that follow, the complaint will be dismissed.

### II.  Plaintiff's Complaint

    Plaintiff says that portions of the transcript of his trial are not a complete and accurate account of what occurred.  Specifically, plaintiff says that defendants altered or omitted (1) defense counsel's cross-examination of Detective James McCloughan, (2) the trial court's instructions to the jury and the polling of the jury, and (3) other

communications between the trial judge and the jury. According to plaintiff, alterations and omissions in the record led the Michigan Court of Appeals to conclude that there was no direct or indirect reference to plaintiff taking a polygraph examination. In addition, plaintiff challenges the state court's interpretation of a police officer's testimony regarding a police interview policy. The officer testified that the policy was written by the Polygraph Unit Commander. Plaintiff argued on appeal from his conviction that defense counsel was deficient in handling evidence relating to the polygraph examination. The court of appeals stated in response to plaintiff's claim that,

> [a]lthough the police officer was a polygraph examiner, his testimony did not otherwise reference the polygraph examination. Thus, the risk of the jury extrapolating that information to conclude that defendant took, and failed, a polygraph examination was minimal.

*People v. Lowery*, No. 235374, at 4 (Mich. Ct. App. May 20, 2003) (unpublished).

Plaintiff claims that the defendants concealed evidence of his unfair trial and frustrated his ability to prove his innocence. He contends that the defendants' acts and omissions deprived him of access to the courts, a fair appeal, and effective assistance of appellate counsel.

### III. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an

arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, __ U.S. __, __, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).  Plaintiff has not alleged that his conviction has been invalidated, and a judgment in his favor would necessarily imply the invalidity of his conviction.  As such, the complaint is barred under Wilkinson and lacks an arguable basis under law.  It must therefore be dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order also would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

      s/Avern Cohn  
      AVERN COHN  
      UNITED STATES DISTRICT JUDGE

Dated:  October 11, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 11, 2005, by electronic and/or ordinary mail.

      s/Julie Owens  
      Case Manager  
      (313) 234-5160